The judgment is reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

---

MORTON v. STATE.    (No. 11800.)

Court of Criminal Appeals of Texas.    May 16, 1928.

Rehearing Denied June 13, 1928.

1. Burglary ⊜⇒41 (3)—Evidence held sufficient to show burglary of house with intent to commit rape.

Evidence of language used by defendant in drunken condition, together with subsequent act of breaking and entering house against forbiddance of lady living there, *held* sufficient to show burglary of house with intent to commit rape.

On Motion for Rehearing.

2. Criminal law ⊜⇒1159(3)—Verdict by jury, entitled to reach either of two conclusions as to accused's intent, cannot be set aside on appeal because contrary to accused's interest.

Where jury may reach either of two conclusions as to purpose of accused, whose guilt is to be measured by intent with which he acted, it is beyond province of Court of Criminal Appeals to set aside verdict because jury reached conclusion which is against interest of accused.

Appeal from District Court, Jasper County; V. H. Stark, Judge.

Charlie Morton was convicted for burglary, and he appeals. Affirmed.

E. A. Lindsey and J. B. Forse, both of Newton, and G. E. Richardson, of Jasper, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. [1] Conviction for burglary; punishment, two years in the penitentiary.

The only complaint in the record is of the insufficiency of the testimony. We are not in accord with this complaint. Appellant and a companion were intoxicated, and drove up to the home of prosecuting witness. Appellant got out of the truck, climbed over the fence, and started across the yard toward the house in which the woman was located. She saw him coming, and fastened the screen door. She called to him and asked him what he wanted. Neither of the men replied. She then asked him to get out of her yard, and he sprang up on the porch and said, "G——d d——n you, I'll f——k you, you s—— of a b——." She screamed. Appellant kept on cursing and coming toward the door, and the woman closed the shutter of the door and went to the rear of the house. She heard the front door jerked open, and grabbed her baby and went out through the rear and across the highway over to her mother's. Parties who examined the door of the woman's house said the hook that held the screen door to was jerked off. Appellant testified that he was drunk and did not know what occurred. We have been unable to find any error in the record, and believe same sufficiently shows a burglary of the house in question with intent to commit the offense of rape.

No error appearing, the judgment will be affirmed.

On Motion for Rehearing.

HAWKINS, J. [2] We have again examined the testimony in view of appellant's insistence that the facts are insufficient to show that appellant entered the house with the specific intent to commit the offense of rape. There is evidence in the record which, if accepted by the jury, would have authorized them to find that appellant was intoxicated and stopped at the house in question in the search for more liquor, and to have attributed the outrageous language used by him to a drunken and reckless act; on the other hand, such language and his subsequent

act of breaking and entering the house against the forbiddance of the lady living there are consistent with the unlawful intent charged against him. Where from the evidence the jury may reach either of two conclusions as to the purpose of accused whose guilt or otherwise is to be measured by the intent with which he acted, it is beyond the province of this court to set aside a verdict because the jury reached that conclusion which is against the interest of accused.

Appellant's motion for rehearing overruled.